# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RODNEY MILES,

                 Plaintiff,             CIVIL ACTION NO. 04-CV-74147-DT

    vs.

                                 DISTRICT JUDGE AVERN COHN

AUDBERTO ANTONINI,      MAGISTRATE JUDGE MONA K. MAJZOUB
et. al.,

                Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION (DOCKET # 28) FOR APPOINTMENT OF COUNSEL

       This is a prisoner civil rights complaint filed on October 27, 2004 pursuant to 42 U.S.C. § 1983. On June 7, 2005, the Honorable Avern Cohn dismissed Defendant Tylutki and the remaining named Defendants have yet to be served.  On July 25, 2005, Plaintiff filed a Motion for Appointment of Counsel which is now before the Court.

       Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself.  This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).  *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'").  At this time, the Court declines

to exercise its discretion to appoint counsel to represent Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process and the Defendants have yet to be served. Accordingly, Plaintiff's Motion For Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 13, 2005              s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Rodney Miles and Counsel of Record on this date.

Dated: September 13, 2005              s/ Lisa C. Bartlett
                                       Courtroom Deputy