UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY MILES,

        Plaintiff,

                                              Case Number: 04-CV-74147

v.

                                              HONORABLE AVERN COHN

DR. AUDBERTO ANTONINI, DR. STEELE,
Dr, MISHRA, and NURSE RUSS,

        Defendants.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DENYING PENDING MOTIONS AS MOOT
### AND DISMISSING CASE

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Rodney Miles is a state prisoner currently housed at the Cotton Correctional Facility in Jackson, Michigan, Miles. Miles, proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a complaint against the following defendants: Medical Service Providers Drs. Audberto Antonini, John Steele, and Mishra, Nurse Practitioner Russ and Registered Nurse Mary Tylutki claiming (1) that defendants violated his Eighth Amendment rights and (2) that defendants violated the state health and safety codes as well as prison regulations. The matter was referred to a magistrate judge for all pre-trial proceedings.

Tylutki, who was the only served defendant at the time, filed a motion to dismiss or for summary judgment. The magistrate judge issued a report and recommendation (MJRR) recommending that the motion be granted as to Tylutki and as to all other unserved defendants on the grounds that Miles cannot state a claim against them. The

1

Court accepted in part and rejected in part the MJRR. The Court dismissed Miles' claims against Tylutki but allowed his claims against the unserved defendants to continue. Defendant Mishra remains unserved. The remaining defendants, Drs. Antonini and Steele and Nurse Russ filed a motion to dismiss. On May 5, 2006, the magistrate judge issued a MJRR recommending that the motion be granted. Before the Court are Miles' objections to the MJRR.

II.

The relevant facts as can be gleaned from the record follow. On October 29, 2002 an orthopedic surgeon Thomas O'Keefe examined Miles for intractable groin pain. Dr. O'Keefe concluded that Miles was "a candidate for revision hip arthroplasty." Surgery was scheduled for November 2002 but was delayed at Miles' request due to a court deadline. On December 17, 2002, a nurse completed a Special Accommodation Notice indicating that Miles required "Barrier Free/ Wheelchair Accessible [housing], Ground Floor Room, Shower Chair, Bottom Bunk, No Work Assignment, Cane, Handicap Table, Transport Vehicle with Lift, No lifting more than 10 pounds, wheelchair, and prosthetic eye."

On March 8, 2003, a Special Accommodation Notice was completed by Tylutki indicating that Miles needed only a bottom bunk and prosthetic eye.

On March 11, 2003, Miles was seen by Dr. Antonini during which Dr. Antonini questioned Miles about the need for using a wheelchair as well as other restrictions in light of having been observed walking, running, lifting and carrying weights, and bending and doing pull ups. Miles apparently stood up from the wheelchair and left the room. At which point, Dr. Antonini cancelled any accommodations based on the need for a

wheelchair as reflected in the December 17, 2002 Special Accommodation Notice.

Miles then filed suit against all of the above defendants making two claims: a claim for violation of his Eighth Amendment rights and a claim for violation of state and prison regulations.

III.

The Court reviews a MJRR de novo when objections are made. See Fed. R. Civ. P. 72(b). The Court may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

IV.

Miles' Eighth Amendment claim against Dr. Antonini is based on him canceling his orthopedic detail in March 2003. Dr. Antonini's actions, however, were in response to his observations as to Miles' abilities, which Miles did not dispute. As such, his actions cannot as a matter of law amount to deliberate indifference.

Miles' claim against Dr. Steele concerns his failure, in February of 2004, to prescribe him pain medication other than NSAIDS (non-steroidal anti-inflammatory drugs). This allegation also does not rise to an Eighth Amendment violation because it shows at most a disagreement with medical treatment.

Miles' claim against Russ concerns her approving, in March 2004, a special accommodation notice without physically examining him. This claim fails because Russ was not required to physically examine and Miles has merely asserted a difference in medical opinion.

As to his claim for violations of prison policy, as the magistrate judge explained, the failure to follow a prison policy does not amount to a constitutional violation.

3

Miles' objections to the MJRR focuses on more recent events regarding his efforts at obtaining hip surgery.  As reflected in the documents attached to his objections, it appears that he is being treated for his condition and is in the process of being referred for a revision of the total hip replacement.  Miles also discusses exhaustion of administrative remedies.  Because the magistrate judge did not discuss or recommend dismissal for failure to exhaust, his objections are moot.

V.

Accordingly, for the reasons stated above, the MJRR of May 5, 2006 is adopted as the findings and conclusions of the Court, as supplemented above.  Defendants' motion to dismiss is GRANTED.  All pending motions are denied as MOOT.

This case is DISMISSED.[1]

SO ORDERED.


Dated: May 30, 2006           s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2006, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager
                              (313) 234-5160

---

[1] Although Dr. Mishra has not been served, the Court finds that dismissal of the case is appropriate because all reasonable efforts to serve Mishra have been unsuccessful.  See docket entry nos. 8 and 30 - waivers of service returned unexecuted.

4